UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG W. WELLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:19-cv-2150-KJN<br><br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 13, 19) |

　　　　Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying his application for Disability Insurance Benefits under Title II of the Social Security Act.[1]  In his summary judgment motion, plaintiff contends the Administrative Law Judge erred in failing to assess his irritable bowel syndrome at step two, and improperly rejected plaintiff's subjective-symptom testimony.  Plaintiff also alleges the Appeals Council failed to consider the effect of new evidence in its review of the ALJ's decision.  The Commissioner filed a cross-motion for summary judgment, arguing the decision is supported by substantial evidence.

　　　　For the reasons set forth below, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion, and AFFIRMS the final decision of the

---

[1] This action was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(15).  Both parties consented to proceed before a United States Magistrate Judge, and the case was reassigned to the undersigned for all purposes.  (ECF Nos. 5, 6, 23.)

1

Commissioner.

## **BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS**[2]

On March 28, 2017, plaintiff applied for Disability Insurance Benefits, alleging an onset date of June 11, 2016. (Administrative Transcript ("AT") 178-79.) Plaintiff stated he was disabled due to his irritable bowel syndrome ("IBS"), diabetes, congestive heart failure, severe acute insomnia, and hand tremors. (AT 79.) Plaintiff's application was denied initially and again upon reconsideration. (AT 87, 99.) Plaintiff, with the assistance of counsel, sought review of these denials with an Administrative Law Judge ("ALJ"). (AT 115.) The ALJ held a hearing on July 19, 2018, where plaintiff testified about his conditions and where a Vocational Expert ("VE") testified regarding available jobs for someone with plaintiff's limitations. (AT 56-78.)

On November 5, 2018, the ALJ issued a decision determining plaintiff was not disabled from his onset date foreword. (AT 16-25.) As an initial matter, the ALJ found plaintiff met the insured status requirements through December of 2021. (AT 18.) At step one, the ALJ concluded plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 10, 2016. (Id.) At step two, the ALJ determined plaintiff had the following severe impairments: congestive heart failure and peripheral neuropathy. (Id.) Relevant here, the ALJ

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1)(a). A parallel five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 404.1520, 404.1571-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

   **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
   **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
   **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
   **Step four**: Is the claimant capable of performing past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
   **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. (Id.)

1   noted plaintiff's allegation of severe IBS, but stated this condition could be adequately accounted

2   for with a bathroom accommodation.  (Id.)  The ALJ also noted plaintiff's admission that his

3   hand tremor was undiagnosed, and so was not a medically-determinable impairment.  (Id.)  At

4   step three, the ALJ determined plaintiff's impairments did not meet the listings.  (AT 19.) (citing

5   20 C.F.R. Part 404, Subpart P, Appendix 1).

6        The ALJ then determined plaintiff had the Residual Functional Capacity ("RFC") to

7   perform light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk for six hours out of an eight hour workday; can never climb ladders, ropes, or scaffolds; can frequently balance; can frequently handle and finger with the right upper extremity (dominant); requires ready access to a bathroom; and will be off task 15% of the workday.

(AT 19.)  In fashioning this RFC, the ALJ stated she considered those of plaintiff's symptoms consistent with the medical evidence and opinions of the medical professionals.  (Id.)  The ALJ rejected the more severe aspects of plaintiff's subjective symptom testimony, including his allegations that his IBS was at times "so severe that he was unable to get off the couch," that his insomnia "kept him from sleeping for days at a time," that he was "unable to drive or perform on a regular schedule," and that he "had pain all over his body that came out of nowhere and is undiagnosed."  (AT 20.)  Based on this RFC and the VE's testimony, the ALJ concluded that plaintiff was capable of performing past relevant work as either a personal recruiter or a counselor (each sedentary), both as generally performed and as performed by plaintiff.  (AT 24.)  Thus, the Commissioner determined plaintiff was not disabled for the relevant period.  (Id.)

    Plaintiff requested the Appeals Council review the ALJ's decision, and with his appeal submitted additional evidence; this included medical records from Apr-Oct 2018, an October 2018 neurological examination finding a chronic hand-tremor condition, and a Dec 2018 medical source statement one of plaintiff's physicians.  (AT 120-21.)  The Appeals Council found this evidence would not have changed the outcome, and affirmed the ALJ's decision.  (AT 1-7.) Plaintiff then filed this action requesting judicial review of the ALJ's decision, and the parties filed cross-motions for summary judgment.  (ECF Nos. 1, 13, 19, 22.)

## II. LEGAL STANDARD

The court should reverse the Commissioner's decision if it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." Molina v. Astrue, 674 F.3d 1104, 1110-11 (9th Cir. 2012). Substantial evidence is more than a mere scintilla, but less than a preponderance; i.e. "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). The court will uphold the ALJ's conclusion where "the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, the court may not reverse the ALJ's decision on account of harmless error. Buck v. Berryhill, 869 F.3d 1040, 1048 (9th Cir. 2017).

## III. ISSUES PRESENTED

Plaintiff raises three issues in his motion for summary judgment: (A) the ALJ failed to find his IBS a severe impairment at step two, and failed to address the impact of the IBS on his ability to work; (B) the ALJ failed to provide clear and convincing reasons for rejecting the more limiting aspects of plaintiff's subjective-symptom testimony; and (C) the Appeals Council improperly denied plaintiff's request to remand based on newly submitted evidence that demonstrated worsening conditions between the hearing and time of the ALJ's decision.[3] Accordingly, plaintiff seeks a remand for additional proceedings. (ECF Nos. 14, 22.)

The Commissioner disagrees, arguing the ALJ (A) properly considered plaintiff's IBS when formulating his RFC; (B) appropriately analyzed plaintiff's subjective symptoms; and (C) the evidence plaintiff submitted to the Appeals Council fails to rebut the ALJ's findings and is otherwise consistent with the overall record. Thus, the Commissioner contends the decision as a whole is supported by substantial evidence, and should result in affirmance. (ECF No. 19.)

///

---

[3] Plaintiff also argues in his opening brief that substantial evidence does not support the ALJ's determination plaintiff can return to past relevant work at step four. (ECF No. 14 at 21-22.) In reviewing this argument, the court finds it duplicative of plaintiff's other arguments, and so this argument will be considered alongside plaintiff's other three points.

4

## IV. **DISCUSSION**

### A. **Consideration of Plaintiff's IBS at Step Two and in the RFC**

Legal Standard

At step two, the ALJ is to distinguish between those impairments that are "severe" and "non-severe." See 20 C.F.R. § 404.1520. A "severe" impairment is one that significantly limits the physical or mental ability to perform basic work activities. Id. "An impairment or combination of impairments may be found 'not severe' only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb v Barnhart, 433 F.3d 683, 686 (9th Cir. 2005). When asserting a condition has more than a minimal effect, the plaintiff must provide medical evidence beyond a mere diagnosis and cannot rely solely on symptom testimony. 20 C.F.R. 404.1529(a). However, the step two assessment is a "de minimus screening to dispose of groundless claims," and ALJ's conclusion must be supported by the medical evidence in the record. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). A finding of "not severe" at step two harmless if the ALJ considered the impairment when formulating the claimant's RFC. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).

Analysis

Here, plaintiff's contentions regarding the ALJ's treatment of his IBS are twofold. First, plaintiff argues the ALJ erred at step two by failing to state any reasons why his IBS was found to be non-severe.[4] Second, he argues the ALJ's accommodations in the RFC—that any job provide "ready access to a bathroom" and allow for him to "be off task 15% of the workday"—do not account for the "significant pain associated with [his] IBS." (ECF No. 14 at 16-19.)

---

[4] It is not altogether clear the ALJ intended to classify plaintiff's IBS as non-severe. The ALJ stated in her step-two analysis the RFC would account for "the impact of this medically determinable condition." She also explicitly labels other conditions as non-severe. The ALJ's logic indicates she may have found plaintiff's IBS to be more than a de minimis claim. However, the ALJ only explicitly lists two severe impairments: congestive heart failure and peripheral neuropathy. Thus, plaintiff's IBS condition appears to be in a state of limbo between severe and non-severe. Buck v. Berryhill indicates the step-two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC" but is only meant to screen out non-severe impairments. 869 F.3d 1040, 1048-49 (9th Cir. 2017). However, because the ALJ's analysis is muddled, the court grants plaintiff the benefit of the doubt and construes the ALJ's analysis as intending to place the IBS in the non-severe category.

On the first point, the court agrees with plaintiff.  Multiple medical records indicate his physicians attempted to treat his IBS—including that he was prescribed painkillers for the abdominal cramping associated with the IBS.[5]  For example, in August of 2016, Gastroenterologist Dr. Khaleq referenced plaintiff's history of IBS, the associated abdominal cramping and stabbing pain, and attempts to dampen the latter with medication.  (AT 397.)  Thus, plaintiff's IBS allegations are not groundless, Smolen, 80 F.3d at 1290, and to the extent the ALJ treated this condition as non-severe, this was error.  Webb, 433 F.3d at 686.

However, the court finds any error harmless, as the ALJ's accounted for plaintiff's IBS in the RFC.  Lewis, 498 F.3d at 911.  As noted above, the RFC included a limitation that plaintiff have "ready access to a bathroom," and noted that plaintiff would be "off task 15% of the workday."  (AT 19.)  These limitations logically correlate to the information in the record about the effects of his IBS.  Thus, the court finds the RFC formulation to be supported by substantial evidence.  Plaintiff argues the RFC does not speak to the "significant pain" associated with his IBS, and the court does not disagree.  However, as noted in Section B, the ALJ sufficiently discounted the more severe aspects of plaintiff's pain averments, given the record demonstrated that his pain appeared to be adequately controlled with medication from 2016 onward.  See 20 C.F.R. § 404.1529(c)(3)(iv) (when evaluating symptom testimony, including pain, the ALJ may consider "[t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms.").  Further, as noted in Section C, the December 21, 2018 letter provided by plaintiff's physician does not change the ALJ's finding on plaintiff's IBS pain, as the physician reaffirmed the medication "control[led] the pain associated with this IBS."  (See AT 53.)  For these reasons, the ALJ's treatment of plaintiff's IBS was not in error and was supported by substantial evidence.  Molina, 674 F.3d at 1110-11.

---

[5] It is clear that much of the record plaintiff points to regarding his IBS allegations contains were simply his subjective-symptom reports to his doctors over the years (the more severe aspects of which the ALJ discounted, as discussed in Section B below).  It is possible the ALJ thought of plaintiff's IBS solely through this lens when discounting its effects at step two.  20 C.F.R. 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled.").  However, given the records also indicate the doctors prescribed medication for the condition, the court will focus on those portions of the record.

**B. Plaintiff's Subjective-Symptom Testimony**

<u>Legal Standard</u>

In evaluating a claimant's symptoms testimony, the following analysis is used:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant is not required to show the impairment caused the severity of the symptom alleged, nor required to produce objective medical evidence thereof. Instead, the claimant only need show the impairment could reasonably have caused some degree of the symptom. If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.

<u>Revels v. Berryhill</u>, 874 F.3d 648, 655 (9th Cir. 2017) (noting the clear and convincing standard is not easy to meet, and is "the most demanding [standard] required in Social Security cases").

Under the clear and convincing standard, the ALJ's reasons for discounting or rejecting a claimant's subjective symptom testimony must be "sufficiently specific to allow a reviewing court to conclude the adjudicator . . . did not arbitrarily discredit a claimant's testimony." <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 483 (9th Cir. 2015). This requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony." <u>Treichler v. Comm'r</u>, 775 F.3d 1090, 1102 (9th Cir. 2014).

Examples of "specific, clear and convincing reasons" for discounting or rejecting a claimant's subjective symptom testimony can include the effectiveness of or noncompliance with a prescribed regime of medical treatment, inconsistencies between a claimant's testimony and his or her conduct (including daily activities), and whether the alleged symptoms are consistent with the medical evidence of record. See <u>Tommasetti</u>, 533 F.3d at 1040; <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1040 (9th Cir. 2007). A lack of corroborating, objective medical evidence alone is insufficient grounds to discount a claimant's subjective symptoms; however, it is a factor the ALJ may consider. 20 C.F.R § 404.1529(c)(2); <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001). Broadly speaking, a claimant's statements of subjective symptoms alone is insufficient grounds to establish disability. 20 C.F.R § 404.1529(a); <u>Treichler</u>, 775 F.3d at 1106.

///

Analysis

Here, the ALJ began her analysis of plaintiff's subjective symptom testimony with the oft-repeated statement that while plaintiff's testimony generally aligned with the medical evidence, his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (AT 20.) The ALJ then summarized plaintiff's hearing testimony, including that his IBS caused severe pain that kept him on the couch, prevented him from driving, "came out of nowhere," and was undiagnosed. (Id.) The ALJ noted plaintiff's statement as to his lifting, sitting, standing, and walking abilities, and noted his statements concerning fatigue and insomnia. (Id.) Next, the ALJ extensively outlined of the objective medical evidence, the medical opinions, and the statement of plaintiff's wife. (AT 20-23.) The ALJ concluded that there were three reasons for discounting the more limiting aspects of plaintiff's subjective symptom testimony: the medical evidence and opinions, the conservative course of care, and portions of plaintiff's own testimony. (AT 24.) The question is whether the ALJ's description of plaintiff's symptom testimony and rationale for rejecting it meets the Ninth Circuit's clear and convincing standard. The court finds that it does.

The ALJ primarily relied on a lack of corroborating objective medical evidence to support her decision to discount plaintiff's testimony that he could not work because of his impairments. See, e.g., Morgan v. Comm'r, 169 F.3d 595, 600 (9th Cir. 1999) (finding ALJ provided clear and convincing reasons for rejecting claimant's subjective symptom testimony by citing, among other things, inconsistencies between claimant's testimony and medical evidence). The ALJ noted plaintiff had good pain control with his medications, from early 2016 through 2018. (AT 20-22, citing AT 369, 389.) The pain was noted as mild at first. (AT 20, citing AT 396.) The ALJ noted plaintiff's statements to Dr. Ruggles in December of 2016 about his fatigue and weakness, as well as Dr. Ruggles's finding of abdominal pain. However, the ALJ also noted Dr. Ruggles's statements that plaintiff was doing well on his medications, had good pain control, and continued to function appropriately. (AT 21 citing 420-21). ALJ noted similar notes and findings from Dr. Ruggles in September of 2017 and January of 2018. (AT 21 citing 681, 688.) Finally, though the Appeals Council accepted into the record Dr. Ruggles's Dec 2018 letter explaining his notes over

1  this period, Dr. Ruggles therein reaffirmed that the pain management regime controlled plaintiff's
2  abdominal pain.  (See AT 53.)  Dr. Ruggles indicated that plaintiff was reaching the end of his
3  time being able to take certain painkillers, given federal regulations, but this would seem to apply
4  to a period past when the ALJ issued her decision and so would be irrelevant for these
5  proceedings.  20 C.F.R. § 404.970 (allowing for review of new and material evidence so long as it
6  "relates to the period on or before the date of the hearing decision.").

7       Even though a lack of corroborating medical evidence is not enough (by itself) to
8  disregard a plaintiff's subjective symptoms, the ALJ also found the conservative course of care
9  and portions of plaintiff's own testimony were at odds with plaintiff's subjective symptom
10 testimony.  (AT 24).  These are both valid additional reasons to reject plaintiff's statements.  The
11 record indicates that plaintiff was treated conservatively for ailments.  After complaining of
12 stomach cramps in July 2016, he was given a shot and felt better. (AT 20, citing 61)  In late 2016,
13 the ALJ noted Dr. Ruggles's suggestions about various treatment regimes for his pain and IBS,
14 and plaintiff wanted six months to consider options.  (AT 21, citing 312.)  The decision details
15 months of notes from physicians showing plaintiffs conditions were well controlled by
16 medication, as well as the proper use of shoes and cream for his feet.  (AT 20-23.)  Warre v.
17 Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively
18 with medication are not disabling for the purpose of determining eligibility for SSI benefits.");
19 Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (claimant's lack of more extensive medical
20 treatment justified ALJ's discounting of severe pain).  Further, to the extent that plaintiff is
21 asserting he cannot lift heavier loads, sit for up to two hours, or stand and walk, plaintiff's hearing
22 testimony sufficiently negates those assertions.  The ALJ relied on the non-examining physicians'
23 findings on these specific limitations (AT 20, citing AT 65), and noted that "portions of the
24 claimant's testimony" supported the formulated RFC (AT 24).  The ALJ's reasoning on these
25 specific limitations is clear, convincing, and allowed under the regulations.  See 20 C.F.R.
26 § 404.1529(a) ("In evaluating the intensity and persistence of your symptoms, including pain, we
27 will consider all of the available evidence, including . . . statements about how your symptoms
28 affect you.").

For these reasons, the ALJ did not fail in her duty to provide clear and convincing reasons for discounting plaintiff's subjective symptom testimony. Treichler, 775 F.3d at 1102; see also Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) ("if the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing"); Morgan, 169 F.3d at 599-600 (where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld).

### C. Appeals Council's Finding on Plaintiff's New Evidence

#### Legal Standard

Federal courts "do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012). Once the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner. Id. When new evidence is given to the Appeals Council and is considered in denying review of the ALJ's decision, that evidence becomes part of the administrative record, and the reviewing court must consider it in determining whether the decision was supported by substantial evidence. Id. at 1159-60. However, only new and material evidence relating to the period on or before the date of the ALJ decision should be considered. 20 C.F.R. § 404.970(b); Taylor v. Comm'r, 659 F.3d 1228, 1233 (9th Cir. 2011). Remand is appropriate if the new evidence creates a reasonable possibility that it would have changed the outcome of the ALJ's decision. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001); Booz v. Comm'r, 734 F.2d 1378, 1380 (9th Cir. 1984).

#### Analysis

Plaintiff submitted to the Appeals Council medical reports generated between April 11, 2018, and October 22, 2018, as well as a medical source statement from Dr. Ruggles dated December 21, 2018. (AT 30-54.) The Appeals Council found these documents did "not show a reasonable probability that it would change the outcome of the decision." (See AT 2.) Plaintiff contends this was error, arguing the new evidence about his tremor, IBS, insomnia, and inability to drive require a different outcome. The Commissioner argues the evidence does not disturb the

10

1   ALJ's substantial evidence findings.  The court concurs with the Commissioner.

2         The most significant difference between the record as the ALJ found it and the
3   information submitted to the Appeals Council concerns plaintiff's right hand tremor and stiff right
4   arm.  As far as the ALJ knew up through the date of the decision, these conditions were
5   undiagnosed, and so in her step-two analysis the ALJ did not consider the hand tremor a
6   medically-determinable impairment.  (See AT 18.)  Unbeknownst to the ALJ, Dr. Ruggles
7   documented in July 2018 plaintiff's complaints about his hand and arm and concerns about
8   Parkinson's disease, and referred him for a neurological exam.  (AT 49-50.)  Plaintiff was
9   examined by neurologist Dr. Tran in October, where he told her of his "uncontrollably" shaking
10  right arm and the associated pain and numbness.  (AT 40.)  Dr. Tran first noted the difficulty in
11  assessing these conditions because plaintiff would not "relax the arm."  (AT 48.)  However, Dr.
12  Tran ultimately found plaintiff "likely has a benign essential tremor," even though Parkinson's
13  could not be completely ruled out at the time.  (Id.)  Thus, it is clear from this new evidence that
14  plaintiff's hand and arm issues are supported by some evidence, and had the ALJ had access to
15  this exam report, she likely would have considered it a medically-determinable impairment.

16        However, the court agrees with the Appeals Council that Dr. Tran's exam (and the
17  corresponding reports from Dr. Ruggles) would not have created a reasonable possibility the
18  outcome would be different here.  First, Dr. Tran stated that when she was "able to get [plaintiff]
19  to relax, there is no cogwheeling present . . . to suggest Parkinson's disease."  (AT 48.)  Further,
20  Dr. Tran recommended the following treatments:

> Advise [physical therapy] to stretch and strengthen . . . and
> encourage increase in activity daily (walking more).  If strength []
> improves, tremor can lessen. Can reassess in future if tremor
> worsens, or other neurologic symptom arises.  No further treatment
> for tremor at this time.

24  (Id.)  Dr. Tran referred plaintiff to physical therapy.  (Id.)  Additionally, the ALJ did in fact limit
25  plaintiff's fingering and handling to "frequently" in the RFC, and when paired with the
26  conservative treatment regime recommended by Dr. Tran, the court finds this new evidence
27  would not have changed the outcome.  Fair, 885 F.2d at 604 (claimant's lack of more extensive
28  medical treatment justified ALJ's discounting of severe impairment allegations).

As to the new evidence regarding plaintiff's IBS, the court similarly finds no reasonable probability of a different outcome.  The new medical records and Dr. Ruggles's source statement regarding plaintiff's IBS were not so significantly different as to change the facts recited in the decision.  Plaintiff's IBS and associated abdominal pain was well documented up through the decision, and as noted in Section A above, the ALJ's findings there were supported by substantial evidence and free from harmful legal error.  Dr. Ruggles's December letter attempted to clarify his belief that plaintiff's IBS was more-severe than the ALJ found from the record.[6]  (See AT 53.)  However, the ALJ rejected Dr. Ruggles's similar opinions expressed in May 2017, reasoning that (i) Dr. Ruggles's examination notes "generally include normal findings inconsistent with his opinion," (ii) the May letter was simply a check box form with little explanation, and (iii) the limitations expressed by Dr. Ruggles appeared based on plaintiff's subjective symptom statements.  (See AT 22-23, citing AT 541-43.)  Even if Dr. Ruggles's December letter provided more context to knock down the ALJ's second rationale (that the May check-box form lacked explanation), the opinion of a medical professional can be rejected where inconsistent with the physician's own records or based on (adequately-discounted) subjective symptom statements.  See Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider"); Bray v. Comm'r., 554 F.3d 1219, 1228 (9th Cir. 2009) (ALJ may discount a treating physician's findings when based on claimant's rejected subjective symptoms).  Similarly, the new evidence relating to plaintiff's insomnia and driving abilities did not raise issues the ALJ was not already aware of, and so does not present a reasonable possibility the outcome would have been different.  Mayes, 276 F.3d at 462.

---

[6] The fact that Dr. Ruggles's December 2018 letter was written after the ALJ's decision and, seemingly in response to it, is troublesome to the court.  However, the Appeals Council appears to have considered Dr. Ruggles's averments when conducting its review, and so the court treats this letter as part of the record for purposes of these proceedings.  Brewes, 682 F.3d at 1159-60 ("When evidence is given to the Appeals Council for the first time, and such evidence is considered in denying review of the ALJ's decision, that evidence becomes part of the administrative record, and the reviewing court must consider it in determining whether the decision was supported by substantial evidence.").

## V. CONCLUSION

In sum, the court rejects plaintiff's challenges, and otherwise finds the ALJ's decision free from prejudicial legal error and supported by substantial evidence in the record as a whole. Molina, 674 F.3d at 1110-11. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is DENIED;
2. The Commissioner's motion for summary judgment (ECF No. 19) is GRANTED;
3. The final decision of the Commissioner is AFFIRMED; and
4. The Clerk of Court is directed to issue judgment in the Commissioner's favor and CLOSE this case.

Dated: March 8, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

well.2150